UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JAMES COKER, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:08-1865-DCN-BM |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL PAPER COMPANY, | ) | |
| LISA PRIOR, KIRK CARLSON, | ) | **ORDER & OPINION** |
| AND JOHN GROVER. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Magistrate Judge Bristow Marchant's report and recommendation, made in accordance with 28 U.S.C. § 636(b)(1)(B), that the court grant defendants' motion for summary judgment as to plaintiff's federal claims and remand the remaining state law claims to state court. Defendants have filed a written objection to the report and recommendation. For the reasons set forth below, the court adopts the magistrate judge's report and recommendation, grants defendants' motion as to plaintiff's federal claims, and remands plaintiff's state law claims to state court.

## I. BACKGROUND

Plaintiff originally filed this action in state court, alleging numerous federal and state law claims against his former employer, International Paper, and three of its employees, Kirk Carlson, Lisa Prior, and John Grover. Plaintiff's complaint includes claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, breach of contract, breach of contract

1

accompanied by a fraudulent act, retaliatory discharge in violation of public policy, fraud, intentional and/or negligent infliction of emotional distress, and defamation. Defendants removed the case to this court based on federal question jurisdiction. See 28 U.S.C. § 1331.

At the close of discovery, defendants filed a motion for summary judgment. The magistrate judge issued a report and recommendation in which he recommended that the court grant defendants' motion as to plaintiff's federal claims and remand the state law claims to state court. Plaintiff did not object to the report and recommendation. Defendants object to the portion of the report recommending remand of the state law claims to state court.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify

the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration.  28 U.S.C. § 636(b)(1).

### III.  DISCUSSION

As noted above, plaintiff did not object to the magistrate judge's recommendation that the court grant defendants' motion for summary judgment as to plaintiff's federal claims.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Accordingly, the court grants defendants' motion for summary judgment as to plaintiff's federal claims.

Defendants object to the portion of the report recommending that plaintiff's state law claims be remanded to state court.  Defendants argue that plaintiff has abandoned his state law claims against Lisa Prior and Kirk Carlson, the only non-diverse defendants.  Therefore, say defendants, complete diversity exists, and the court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332.  In the alternative, defendants argue that the court should exercise supplemental jurisdiction over the state law claims.

It is true that a plaintiff can abandon claims by failing to address them in response to a summary judgment motion.  See Jones v. Family Health Ctr., Inc., 323 F. Supp. 2d 681, 690 (D.S.C. 2003) (noting that claim not addressed in opposition memorandum had been abandoned); Cousar v. Richland County Sheriff's Dep't, 2009 WL 982414, at *6

3

(D.S.C. Apr. 10, 2009) (applying same principle to abandonment of claim against particular defendant). Defendants argue that plaintiff has abandoned his state law claims as to defendants Prior and Carlson because plaintiff directed his arguments in opposition to International Paper, not these individual defendants. The court does not read plaintiff's response as abandoning any claims against the individual defendants.

On the first page of his memorandum in opposition, plaintiff begins by referring to the summary judgment motion "submitted by Defendants [International Paper, Kirk Carlson, Lisa Prior, and John Grover]." Almost immediately thereafter, when explaining his opposition to defendants' motion, plaintiff refers to International Paper rather than all defendants. For example, at the top of page two of his opposition, plaintiff argues, "International Paper makes the following **false** fact representations to the Court in *its* Memorandum: . . ." (second emphasis added). Later in his opposition, plaintiff uses the terms "International Paper" and "Defendants" in the same context. See, e.g., Pl. Opp. at 13, 20-23. Using different terms interchangeably, while perhaps indicative of inartful drafting, does not rise to the level of abandonment of claims against particular defendants.[1] Accordingly, the court finds that plaintiff has not abandoned his claims against the non-diverse defendants, and diversity jurisdiction does not exist.

The only remaining question, then, is whether this court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). "The district courts may decline to

---

[1] Defendants raised this argument regarding abandonment of claims as to certain defendants for the first time in their objection to the magistrate judge's report. The court notes that nothing prevented defendants from raising the argument in their reply brief, where defendants did raise an abandonment argument as to plaintiff's race discrimination and fraud claims.

exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The Supreme Court of the United States has noted,

> In Gibbs,[2] the Court stated that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." 383 U.S., at 726, 86 S. Ct., at 1139. More recently, we have made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases. See Rosado v. Wyman, 397 U.S. 397, 403-405, 90 S. Ct. 1207, 1213-14, 25 L. Ed. 2d 442 (1970). *The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims*.

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (emphasis added). "Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 553 n.4 (4th Cir. 2006) (citing Cohill, 484 U.S. at 353-54). In exercising such discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (citing Cohill, 484 U.S. at 350 n.7).

Application of the above factors to plaintiff's state law claims convinces the court that it should decline to exercise supplemental jurisdiction. The court finds that convenience and fairness to the parties will not be affected by remand to state court. The

---

[2] United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

garden variety state contract and tort claims at issue do not implicate any underlying issues of federal policy. And, though the court has considered and rendered judgment on the federal claims, either this court or the state court will be required to consider plaintiff's state law claims in the first instance. In short, nothing in the present case requires this court to deviate from the general principle recognized by the Supreme Court in <u>Cohill</u> that a federal court should decline the exercise of its supplemental jurisdiction over remaining state law claims in a situation like the present case.[3] Accordingly, plaintiff's state law claims are remanded to state court.[4]

---

[3] Defendants cite this court's decision in <u>Talamantes v. Berkeley County Sch. Dist.</u>, 340 F. Supp. 2d 684 (D.S.C. 2004), in support of their argument for retention of jurisdiction. In that case, this court retained jurisdiction over a state law claim of outrage after granting summary judgment to defendants on Talamantes's federal hostile work environment and retaliation claims. <u>Id.</u> at 690. As an initial matter, the court notes that Talamantes filed her claims in federal court, unlike plaintiff in this case, who filed his claims in state court and only arrived in this court by way of defendants' removal. Moreover, <u>Talamantes</u> involved retaining jurisdiction over one state law claim, not several as in the present case. This court takes each case as it comes and, in making discretionary decisions, considers the facts and circumstances of each unique case. As explained above, the court finds that remand to state court is the proper result in this case.

[4] Because the court finds remand of the state law claims appropriate, it does not address defendants' contention that plaintiff has abandoned his fraud and negligent infliction of emotional distress claims as to all defendants. Obj. at 6.

## IV. CONCLUSION

For the foregoing reasons, the court **ADOPTS** the magistrate judge's report and recommendation, **GRANTS** defendants' motion for summary judgment as to plaintiff's federal claims, and **REMANDS** plaintiff's state law claims to state court.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**March 18, 2010
Charleston, South Carolina**